# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| FIRST FARMERS BANK & TRUST COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 1:11-CV-418 ) |
| MARK S. BOVEE, et al., | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a proposed Agreed Protective Order submitted by the parties for the Court's approval pursuant to Federal Rule of Civil Procedure 26(c). As the proposed order is wholly deficient, it will be DENIED.

First, the proposed order makes no attempt to define "Confidential Information" and simply allows any party to designate material as confidential. (Proposed Agreed Protective Order ¶ 1.) A protective order, however, must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (noting that a broad protective order granting carte blanche discretion to a party is invalid); *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998). If the Court were to approve this order, the parties would be afforded a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to

seal." *Cincinnati Insurance*, 178 F.3d at 944. The Seventh Circuit Court of Appeals has repeatedly held that such overly broad protective orders are invalid. *Id*. at 945.

Second, the proposed order incorporates "fudge" terms (such as "believes" and "contains") that compound the vagueness of the proposed order even further. (Proposed Agreed Protective Order ¶ 1); *see Cincinnati Insurance*, 178 F.3d at 944 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

Third, the proposed order fails to adequately explain why the material it seeks to protect is confidential. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard*, 2003 WL 1702256, at *1 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)). In that regard,

> "Non-public" is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors. . . . If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available. They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Cook*, 206 F.R.D. at 248-49. For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.*

2

Fourth, the proposed order should seek to narrowly protect any confidential material through a method of redaction. *Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document). The proposed order should provide for the contemporaneous public filing of a redacted version of the document (in which only the actual confidential material is redacted) when an unredacted version is filed under seal.

Fifth, the Seventh Circuit has made it clear that a protective order may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Id.* Language permitting an interested member of the public to challenge the secreting of particular documents is missing from the tendered order.

Sixth, as to paragraph 13 of the proposed order concerning modifications, an order of the Court cannot be modified simply through written agreement of the parties.

Seventh, paragraph 11 of the proposed order states that it shall continue to be binding after the conclusion of the litigation. The Court, however, is unwilling to enter a protective order that suggests that the Court retain jurisdiction of any kind after the resolution of the case. *E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d at 945-46. The Seventh Circuit has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Id*. "People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property . . . ." *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Notwithstanding the foregoing, "[o]btaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2. For these reasons, the Court DENIES approval of the proposed Agreed Protective Order submitted by the parties. The parties may, however, **file a motion** requesting the Court's approval of a revised protective order that cures the identified deficiencies and is consistent with the requirements of Federal Rule of Civil Procedure 26(c)(1) and Seventh Circuit case law.

SO ORDERED. Enter for this 24th day of July, 2012.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge